[Civ. No. 410.   Second Appellate District.—December 21, 1907.]

## EDMUND BURKE, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY and Hon. FREDERICK W. HOUSER, Judge, Respondents.

INSOLVENT CORPORATION—ACCOUNTING AND SETTLEMENT—ORDER FOR DEPOSIT OF FUND IN COURT—CLAIM OF PLAINTIFF AS CREDITOR—WANT OF JURISDICTION.—The superior court has no jurisdiction to order the deposit of a fund in court, upon which the plaintiff has a claim, and which is not directly the subject of litigation, but which is involved only incidentally in an action for an accounting and settlement of the affairs of an insolvent corporation, and for the payment of its creditors, of which the plaintiff is one, who also, as secretary of the corporation, was authorized by its directors to sue, collect assets, pay creditors, and distribute the residue of its assets among the stockholders entitled.

ID.—PROHIBITION—VOID ORDER FOR DEPOSIT—PROCEEDINGS FOR CONTEMPT.—In such action, an order, at the instance of stockholders sued upon unpaid subscriptions to the stock of the insolvent corporation, to compel the payment into court of the whole fund in the hands of the plaintiff, as secretary, to the exclusion of his rights to payment out of the fund as a creditor, is void, and prohibition will lie to prevent the enforcement thereof by proceedings for contempt, for disobedience thereto.

APPLICATION for writ of prohibition to the Superior Court of Los Angeles County.   Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Edmund Burke, Petitioner, *in propria persona.*

Henry J. Stevens, and O'Melveney, Stevens & Milliken, for Respondents.

SHAW, J.—Soto Heights Land and Improvement Company is a corporation, of which the petitioner is the secretary, as well as a member of the board of directors.

A complaint was filed by plaintiff, wherein it is alleged that the board of directors of the corporation determined to abandon the prosecution of the business for which it was incorporated, and authorized petitioner to take such steps as

might be deemed necessary to obtain an accounting and wind up its affairs, pay its debts, and distribute the remaining assets to the stockholders in proportion to their respective rights. A number of persons alleged to have subscribed for stock, upon whose subscriptions a balance was due, were made parties defendants, against whom judgments were asked for such sums as might be found due the corporation, and praying that an order be made directing payment of the amount which might be found due to plaintiff and other creditors of the corporation, it being alleged that said corporation was indebted to plaintiff and others for services, money advanced, salary, disbursements, office rent and legal expenses, as well as for other purposes.

In answer to this complaint, the defendants California Cornice Works, Pacific Coast Planing Mill Company and Arletta F. Davenport, alleged in the complaint to be indebted to said corporation for moneys due on their subscriptions to stock, filed cross-complaints wherein, among other things, they alleged that plaintiff, as an officer of the corporation, had in his hands as such officer the sum of $2,050, which he held as funds of the company and for its use and benefit, and asked for judgment that said plaintiff be required to deposit said sum of $2,050 in court.

In his answer to these cross-complaints plaintiff admits that he did receive of the funds of said corporation the sum of $2,050, and that prior to the commencement of the action said cross-complainants and the other defendants authorized him, as trustee, in his and their behalf, to take such steps as he deemed proper to wind up the affairs of the said corporation, and to that end collect amounts due, pay its obligations, and divide the residue among those found to be entitled to the same; that pursuant to such authorization he, among other things, instituted this action and is maintaining the same for said purpose. It is then alleged that said corporation is indebted to plaintiff in various sums, for advancements and disbursements actually made for and on its behalf, amounting in the aggregate to several hundred dollars, as well as for salary as secretary of the corporation since the date of its incorporation at $150 per month; and alleging, further, that he claims the right to deduct from the funds in his possession the amount due him from said corporation, and asks that the rights of all parties to said action be adjudicated therein.

Upon these pleadings the cross-complainants, upon notice duly given, moved the court for an order requiring plaintiff to deposit in court the sum of $2,050, the ground therefor being that he had in his possession such sum of money belonging to said corporation. Whereupon, the court granted said motion and ordered plaintiff forthwith to pay into court the sum of $2,050. Thereafter, a motion was made by plaintiff to vacate and annul said order, or modify the same to the extent of crediting plaintiff with the amount of cash expended for and in behalf of said corporation as its secretary, which motion the court denied, and on June 21, 1907, the court made an order requiring petitioner to appear before it, on June 28, 1907, then to show cause why he should not be adjudged guilty of contempt for disobeying said order requiring him to pay into court said sum of $2,050, and why he should not be punished for such disobedience.

The order requiring petitioner to deposit this $2,050 in court was made under and by virtue of section 572 of the Code of Civil Procedure, which is as follows:

"When it is admitted by the pleading, or shown upon examination of a party, that he has in his possession, or under his control, any money or other thing capable of delivery, which, being the subject of litigation, is held by him as trustee for another party, or which belongs or is due to another party, the court may order the same, upon motion, to be deposited in court or delivered to such party, upon such conditions as may be just, subject to the further direction of the court."

The court's jurisdiction to make the order requiring petitioner to deposit in court the sum of $2,050 was, under the provisions of said section, dependent upon whether or not petitioner by his pleading admitted having in his possession said sum of money belonging to the corporation. If he did not make such admission, then it would seem clear that the court was without jurisdiction to make such order.

Petitioner in his answers to the cross-complaints admits having received funds of the corporation to the amount of $2,050, but as against this he sets up a claim for several hundred dollars on account of disbursements made and expenses incurred by him for and on behalf of the corporation, and also claims compensation for services rendered since the incorporation of the company as secretary thereof. These allegations, under the provisions of section 462 of the Code of

Civil Procedure, are deemed to be denied; and therefore, petitioner's title to that part of the fund which he claimed by way of compensation for services rendered as secretary, and on account of disbursements made for the corporation, constituted an issue to be tried not in this summary manner, but in the usual and ordinary action wherein a verdict of the jury or finding of the court could be had thereon. His answer showed that petitioner claimed the right to part of the fund in his possession, and the court was without jurisdiction to compel him to surrender to another what he claimed to be his property, until there had been a judicial determination, upon the hearing of all the facts, that he had no right to it.    To justify the making of the order, the admission in the pleadings of having money in possession belonging to another must be free from any claim thereto.    "If money is ordered to be brought in which is not clearly due, very gross injustice may be done, as the defendant may be put to great inconvenience, and afterward be told that his view of the case was correct."    (*Hagall* v. *Currie*, L. R. 2 Ch. App. 449.)

Furthermore, the fund must, under the provisions of said section, be the "subject of the litigation."    "If the money in the possession of the party is not the subject of the litigation, but its payment is an incident thereto, dependent upon the judgment to be rendered in the action, as in the case of an action for . . . accounting . . . the provisions of this section do not authorize such order."    (*Green* v. *Duvergey*, 146 Cal. 379, [80 Pac. 234].)    The pleadings clearly show the action to be one having for its purpose the procuring of an accounting between the corporation and its stockholders, and to determine the amount of money in the possession of any of the parties to the action belonging to the corporation, with a view of having it paid into court and winding up the corporate affairs.

In our judgment the pleadings do not disclose the requisite facts necessary to confer jurisdiction upon the court to make the order requiring a deposit of the money in court.    The order is, therefore, void, and being void, it follows that the court had no jurisdiction to entertain any subsequent proceedings based thereon and instituted for the purpose of having the petitioner adjudged guilty of contempt for disobedience of such order.

Our conclusion renders it unnecessary to pass upon other alleged points affecting the validity of the order.

The alternative writ of prohibition heretofore granted is made peremptory.

Allen, P. J., and Taggart, J., concurred.