# CHARLESTON.

MARSH *et al.* v. O'BRIEN, JUDGE, *et al.*

Submitted September 4, 1918.   Decided September 10, 1918.

1. VENUE—*Action Against Non-resident.*

In a suit or action against a non-resident defendant, not a corporation, one of two things is indispensable to the jurisdiction of the court, either the defendant must have estate or debts due him in the county where the suit is brought, or he must be found and served with process in that county. The arising of the cause of action in a county is not alone sufficient to give jurisdiction in such case.   (p. 509).

2. PROHIBITION—*Want of Jurisdiction.*

When a court is attempting to proceed in a cause without jurisdiction, prohibition lies, and the petitioner may apply to this court in the first instance, as matter of right, for the writ.   (p. 511).

Petition of Pat Marsh and others for writ of prohibition to W. H. O'Brien, Judge, and others.

*Writ awarded.*

*C. F. Greene,* and *Pendleton, Mathews & Bell,* for petitioners.

*Geo. F. Cunningham,* for respondents.

WILLIAMS, JUDGE:

Pat Marsh and Malinda J. Marsh, defendants in an attachment suit in equity brought in the circuit court of Roane County by Mark Parsons as plaintiff, petition this court for a writ of prohibition to prevent the enforcement of a decree directing sale to be made of a tract of 22 acres of land situate in Braxton County and attached as the property of said Malinda J. Marsh. Petitioners were proceeded against as non-residents of the State and made no appearance. Process to answer the bill was issued, directed to the sheriff of Roane County and by him returned "not found". On the same day process was issued plaintiff filed an affidavit of non-residency and procured a writ of attachment to be issued directed to the sheriff of Braxton County, commanding him

to attach sufficient estate of the defendant Malinda J. Marsh to pay the sum of $101.20, with interest from May 12, 1917 that being the amount of plaintiff's claim. The attachment was levied on the aforesaid tract of 22 acres of land. An order of publication was made and completed, and on the 7th of March, 1918, a decree ordering sale of the attached land was entered. Petitioners challenge the jurisdiction of the court, and seek to prohibit the sale on the ground that the court was without jurisdiction.

The purpose of the suit was to recover a debt evidenced by a note executed by defendants to plaintiff, payable at the Roane County Bank and then overdue. At the time the note was executed defendants resided in Roane County, but before the suit was brought they had become residents of the state of Ohio. Plaintiff insists that, because the cause of action arose in Roane County, the court had jurisdiction of the case and the power to attach the property of defendants in any county in the state. It is admitted that the defendants, nor either of them had any estate or debts due in Roane County.

Attachment is purely a statutory remedy, and being in derogation of the common law, it must be pursued strictly according to the statute. This rule applies as well to determining the venue or place of suit as it does to the manner of procedure. The last clause of section 2 of chapter 106, Code, authorizing the issuance of an attachment, "directed to the sheriff or a constable in any county of this State", cited and relied on by respondent's counsel, does not authorize any court of the state to issue such writs, but only such courts as have jurisdiction of the cause of action. We have to look to chapter 123 of the Code to ascertain in what county suit must be brought. The first section of that chapter reads in part as follows: "Any action at law or suit in equity, except where it is otherwise specially provided, may hereafter be brought in the circuit court of any county: (1) Wherein any of the defendants may reside, except that an action of ejectment or unlawful detainer must be brought in the county wherein the land sought to be recovered or some part thereof is; * * * * * * * * * * or (4) if it be against a non-

resident of the State wherein he may be found, or may have estate or debts due him." Here we find a provision specially applicable to suits against non-residents. Plaintiff had the right to institute his suit in Roane County and ask for process directed to the sheriff of that county, but, in order to confer jurisdiction to entertain the suit and render a final decree, it was essential to obtain service of process upon the defendants in that county, they having no estate or debts due them in that county. They were never served with process and made no appearance, hence the court, could not proceed. It is true section 2 of that chapter provides that an action may be brought in any county wherein the cause of action arose, although none of the defendants may reside therein. But it clearly appears from section 2 of chapter 124, relating to service of process, that section 2 of chapter 123 was not intended to apply to a non-resident, unless he happened to be found and served with process in the county where the suit was brought. Because it expressly provides, in case of an action brought under section 2 of chapter 123, that process against a defendant, unless it be a corporation, shall not be directed to the officer of any other county than that wherein the action is brought. These two statutes being *in pari materia* must be read and construed together. The arising of the cause of action in Roane County was not alone sufficient to confer jurisdiction on the court of that county. Defendants not having estate or debts due them in that county, service of process on them in that county was indispensable to jurisdiction.

We have examined the authorities cited and relied on by respondent's counsel, but they do not sustain his contention. From the statutes above cited and the decisions by this court of cases arising thereunder, we deduce the following proposition: In a suit or action against a non-resident defendant, not a corporation, one of two things is indispensable to the jurisdiction of the court, either the defendant must have estate or debts due him in the county where the suit is brought, or he must be found and served with process in that county, if he does not make a voluntary appearance. When jurisdiction is once acquired in either manner, other attach-

ments may be issued, directed to the proper officer of any other county in the state wherein the debtor may have property.

The court being without jurisdiction, the petitioners are clearly entitled to the writ. We have recently held in numerous cases that, in such cases as this, it is not necessary for the petitioner to first apply to the lower court for relief, before applying to this court. Where the lower court is without jurisdiction he may, as matter of right, apply to this court for prohibition. *Weil* v. *Black, Judge,* 76 W. Va. 685, and cases cited on page 688; and *State ex rel. Porter* v. *Studebaker,* 80 W. Va. 673.

The writ is awarded.                          *Writ awarded.*