# CHARLESTON.

CHAS. P. JENNINGS v. HON. WALTER E. McDOUGLE,
JUDGE, ETC., *et al.*

Submitted January 8, 1919.    Decided January 21, 1919.

1   DIVORCE—*Venue—Process—Statute.*

The option granted by section 7, ch. 64, Code 1918, to the
plaintiff in a divorce suit, of suing in a county other than that of
the residence of the defendant, in case the parties last cohabited
in the county so selected, carries with it by necessary implica-
tion the right to direct process to the sheriff of the county where
defendant resides for service upon him there.    (p. 188).

2.  SAME—*Venue—Statute.*

The general jurisdiction of a circuit court to grant divorces is
circumscribed and limited by that part of section 7, ch. 64, Code,
which provides that, if the defendant is a resident of this state,
"the suit shall be brought in the county in which the parties last
cohabited, or (at the option of the plaintiff) in the county in
which the defendant resides."    (p. 188).

3.  SAME—*Venue—Option—Statute.*

By section 7, ch. 64, Code, there is but one circumstance or con-
dition the existence of which confers upon the plaintiff in a di-
vorce suit the right to compel the defendant to go out of the
county of his or her residence to defend a suit for divorce brought
in some other county.    (p. 188).

4.  SAME—*Jurisdictional Facts—Pleading.*

Where the jurisdiction of a court to grant a divorce depends
upon the existence of certain facts, such facts must be pleaded,
and, if not pleaded, the court has no right or power to proceed
or act in the cause.    (p. 188).

5.  SAME—*Venue—Pleading.*

The mere allegation of separation, abandonment, desertion and
refusal of cohabitation in a county is not the equivalent of an
allegation that the parties last cohabited in such county.    (p. 190).

6.  SAME—*Jurisdiction—Venue—"In the County in which the Par-
ties Last Cohabited."*

The phrase, "in the county in which the parties last cohabited,"
used in the statute, necessarily means the place where the par-
ties ceased to live together as husband and wife in the same
house, and ordinarily carries with it the idea of a substantial
measure of continuity and regularity.    (p. 190).

7. PLEADING—*Verification—Amendment—Statute.*

When a statute requires all pleadings to be verified by the party in whose name they are filed, (section 8, ch. 64, Code), an amendment of a pleading, especially if material and necessary to confer jurisdiction, must be verified, and if not verified, will be disregarded. (p. 191).

8. PROHIBITION—*Jurisdiction in Divorce Suit—Pleading and Proof.*

Where the allegations of a bill in a divorce suit are sufficient to show prima facie jurisdiction, the rulings of the lower court upon facts offered to prove the allegations are at most only erroneous, and therefore not correctable by writ of prohibition; but where, as in this case, the allegation of essential jurisdictional facts is omitted, the lower court is wholly without jurisdiction in the cause, and where the court is assuming and continuing to act without such allegations, prohibition will issue to restrain such action. (p. 191).

9. SAME.

Nor in such a case will the writ be delayed to give plaintiff time to correct the bill by proper amendment. (p. 194).

10. SAME—*Other Remedies—Action of Court without Jurisdiction.*

When a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies. (p. 196).

Petition for prohibition by Charles P. Jennings against Hon. Walter McDougle, Judge, etc., and others.

*Writ awarded.*

*A. F. McCuc* and *Smith D. Turner,* for petitioner.
*Chas. E. Hogg,* for respondents.

LYNCH, JUDGE:

The petitioner, husband of the respondent Beryl Jennings, plaintiff in a divorce suit brought against him in the circuit court of Wood County, prays in his petition for a writ of prohibition to prevent her from further prosecuting the suit in that county, and the Honorable Walter E. McDougle, judge of the circuit court in which the suit was brought, from the continued assumption of judicial authority to hear and determine issues arising therein, the ground for the writ being want of jurisdiction to entertain the cause.

After their marriage in Cincinnati September 5, 1912,

petitioner and his wife began and continued to cohabit together as husband and wife in Doddridge County until sometime in December, 1914, a fact the truth of which is not anywhere controverted, "at which time," according to the allegations of the bill, "they separated and have not since cohabited; that said separation took place in Parkersburg, and that the said defendant has during the greater portion of time since said separation resided in Doddridge County;" and also "that on the_____day of December, 1914, in Wood County, the said defendant willfully, without any just cause therefor, deserted and abandoned this plaintiff, and has ever since and doth now willfully refuse to live and cohabit with this plaintiff as her husband." The process to answer was issued by the clerk of the circuit court of Wood County and directed to the sheriff of Doddridge County and by him served on the defendant at his place of residence in Doddridge County. Indeed, his residence elsewhere either permanent or temporary seems manifestly doubtful.

These are the sole facts alleged by the plaintiff in the divorce suit to empower the circuit court of Wood County to take cognizance of the cause averred for relief and to determine the matters in controversy and decree divorce from the matrimonial bonds, the grounds assigned therefor being willful abandonment and desertion without just cause, and disloyalty to the marriage vows. Nowhere in the bill is there any other statement or declaration which shows or tends to show such or any cohabitation as warranted the bringing of the suit in any county except the county of defendant's residence. The statute prescribing the jurisdiction of circuit courts in divorce cases (Ch. 64, §7, Code 1918) is: "The suit shall be brought in the county in which the parties last cohabited, or (at the option of the plaintiff) in the county in which the defendant resides, if a resident of this state; but, if not, then in the county in which plaintiff resides." This provision circumscribes and limits the jurisdiction of circuit courts to grant divorces by three specific conditions, two where defendant resides in this state, one where he is a nonresident of the state. As between the first two plaintiff had the option or the right to select in which of two counties

she should prosecute the suit, the first in the county in which she and her husband last cohabited together as husband and wife, if such cohabitation last occurred in a county other than that in which he resided. But if it did not, then she could sue only in the county of his residence. The statute is susceptible of no other construction. Its language is imperative, unambiguous and specific. It designates the forum and limits the jurisdiction to two counties and only two, where the party in default is a resident of the state, notwithstanding the general jurisdiction of circuit courts. There is but one circumstance or condition the existence of which confers upon the plaintiff in a divorce suit the right to compel the defendant to go out of the county of his or her residence to defend a suit brought in some other county for a divorce, or to defend against charges such as are lodged against defendant, except when and as allowed by statute; and to bring her cause within the statutory requirements she must allege and prove the existence of the fact prescribed by the statute in order to maintain her suit in such other county.

The obvious purpose section 7 had in view was to save the plaintiff the embarrassment, annoyance and expense necessarily incident to the pursuit of a resident defendant, should he or she abandon or desert the other or otherwise disregard the marriage vows or duties and depart from the county where they last cohabited. The right given by it is one of the few exceptions to the general rule fixing the residence of the sole defendant, or the place where he may be found and served with process, as the situs of the forum where an action or suit may be maintained against him; and to bring herself or himself, as the case may be, within the exception, and to warrant the assumption or retention of jurisdiction of a divorce proceeding against a resident defendant, the plaintiff must allege in the bill the essential jurisdictional fact or facts. "Where the jurisdiction of a court depends upon the existence of facts, it has no right or power to proceed or act upon a pleading which does not substantially set forth such fact." *City of Charleston* v. *Littlepage*, 73 W. Va. 156, 164; *Burke* v. *Superior Court*, 7 Cal. App. 178, 93 Pac. 1058; *Hogan* v. *Superior Court*, 16 Cal. App. 783, 791. Oth-

erwise the cause is coram non judice. Acts done by a court which has no jurisdiction over the person, the cause or the process are void. *St. Lawrence Co.* v. *Holt & Mathews,* 51 W. Va. 352, 363. Such, indeed, is the practically universal rule. See 13 C. J. 1235, and cases cited.

The mere allegation of separation, abandonment, desertion and refusal of cohabitation in Wood County, an allegation relied on as the legal equivalent of an allegation of the last actual cohabitation, as contended for by counsel, falls far short of alleging such jurisdictional facts as warrant the assumption of jurisdiction by the circuit court of Wood County to entertain the cause. The place of separation, abandonment, desertion and refusal of cohabitation and the place of the cessation of cohabitation by husband and wife need not necessarily be and frequently are not in the same county, and probably were not in this instance. No allegation of the bill shows the fact to be otherwise. A separation may occur anywhere, though the parties may have ceased to cohabit at some other place. The pharse, "in the county in which the parties last cohabited," used in the statute, necessarily means the place where the parties ceased to live together as husband and wife in the same house, and ordinarily carries with it the idea of a substantial measure of temporal continuity. *Calef* v. *Calef,* 54 Me. 365, 92 Am. Dec. 549. There is no such inseparable and essential connection between the language used in the statute to designate the jurisdiction in divorce cases and the allegations of the bill as warrants the sanction of the substitution of the latter for the former. Abandonment, desertion and the discontinuance of cohabitation and refusal to renew it are grounds prescribed by the statute for the dissolution of the marriage; but they do not singly or conjointly suffice to determine the forum within the meaning of the statutory provision. In them inheres no such conception as justifies their adoption as the legal equivalent of the statutory phrase, "in the county where the parties last cohabited," and therefore it clearly appears that the fact necessary to confer jurisdiction upon the circuit court of Wood County has not substantially or effectually been alleged in the bill.

Plaintiff's counsel in her absence and on the day petitioner applied for the writ did attempt to supply this defect by an order entered of record amending the bill by supplying the necessary allegation, but, though the bill was verified as required by the divorce statute, the amendment was not. Amendments of pleadings become part thereof, and where, as in cases of this sort, the statute requires that "all pleadings shall be verified by the party in whose name they are filed" (Sec. 8, Ch. 64, Code 1918), the attempt to amend the bill in the manner indicated necessarily proved abortive. Where pleadings are required to be verified, an amendment thereto, especially if material and necessary to confer jurisdiction, must be verified, and an amendment not verified will be disregarded. *Foy* v. *Foy,* 35 N. C. 90. Where a statute requires a pleading to be verified, an amendment must also be verified. *Bland* v. *State,* (Tex. Civ. App.), 36 S. W. 914; *Gregg* v. *Brower,* 67 Ill. 525; *McDougald* v. *Dougherty,* 11 Ga. 570, 593; 1 Stand. Ency. of Proc. 904. To hold otherwise would enable a party by amendment to incorporate in a bill already sworn to certain facts essential to his case to which he may not be willing to give the sanction of an oath. Thus the whole purpose of verification could be defeated.

Clearly, therefore, the writ should go if the right thereto depends solely upon the bill of the plaintiff in the divorce procedings. It does not make out a case cognizable in the circuit court of Wood County, and equally clearly defendant's demurrer to the bill should have been sustained, not overruled, as it was, and the cause dismissed if the bill was not amended properly by allegations sufficient to show jurisdiction in the lower court.

The defendant tendered and was permitted to file a paper called and purporting to be a plea in abatement to the jurisdiction. This plea the court adjudged to be defective on plaintiff's demurrer. The basis for the abatement was that as the petitioner was the only party defendant and resided in Doddridge County, the process to answer could not lawfully be issued, directed to and served on him in any other county.

Whatever may be the rule upon the right put in issue and

denied by the plea upon issuance of process in other cases, it seems necessary to observe only that as the statute grants to plaintiff the option of suing in a county other than that of the residence of the defendant, in case they last cohabited in the county so selected by her, certainly the legislature meant to authorize what was done to bring defendant before the court, provided it had jurisdiction of the cause of action, notwithstanding the construction of section 2, Ch. 123, Code, indicating the contrary. If there be no such authority, as counsel contend, section 7, Ch. 64, Code, granting the option to prosecute the suit where the parties last cohabited, is meaningless. The right of selection given by the statute carries with it the right to pursue the procedure necessary to convene the parties to the litigation.

And further, section 2, ch. 124, Code, provides that "process from any court, whether original, mesne or final, may be directed to the sheriff of any county," excepting only such process as is issued under the provisions of section 2, ch. 123, Code, which may not be directed to an officer of any other county than that wherein the action is brought, this still being upon the supposition of complete jurisdiction to determine the cause. *Lawrence* v. *Hyde,* 77 W. Va. 639. See also *Marsh* v. *O'Brien,* 82 W. Va. 508, 96 S. E. 795. Thus by this statute (section 2, ch. 124) original process, as well as mesne or final, may be directed to the sheriff of any county, unless the action be brought under section 2, ch. 123, in which case it cannot be directed to the officer of any other county than that in which the action is brought, unless the defendant be a railroad or other corporation specified in the statute. In nowise does it qualify section 7, ch. 64, Code, under which this proceeding was instituted; hence process under it may be directed to a sheriff in the county where defendant resides or may properly be served. As the plea filed by defendant in abatement of the suit and his motion to quash the summons and return of service raise this and no other question, the ruling of the court was not improper.

But the plea and, as we have said, the demurrer to the bill sufficed to direct the court's attention, first, to the fact

of the nonresidence of defendant within its territorial jurisdiction, and, second, to the absence from the bill of an allegation of such cohabitation of the parties as gave it jurisdiction of the cause and of the parties. They required such an examination of plaintiff's pleadings as must, except by inadvertence, have demonstrated the defects inhering in them, because of the omission to state therein a material and necessary fact.

Furthermore, it is said that, if the court has general jurisdiction of the subject matter of the controversy, it has the power and may of right determine all other questions affecting jurisdiction, and that when these are to be determined upon contested facts which the inferior tribunal is competent to inquire into and decide, prohibition will not be granted, though the court should be of opinion that the questions of fact have wrongfully been determined by the court below, and if rightly determined would have ousted the jurisdiction. Circuit courts, it is true, are courts of general jurisdiction and as such may hear and determine suits for divorce. They do not have authority, however, or power to exercise jurisdiction in any divorce case if the defendant resides in a county outside of the circuit, unless the parties last cohabited in the county where the suit is brought; and unless such jurisdictional fact is made reasonably apparent by the bill itself, there is no occasion for the application of the rule contended for, because there are no contested facts to be determined. The bill vouches the fact of defendant's residence in Doddridge County at the time the suit was brought, and hence put the court upon its guard as to the second fact necessary to empower the court to proceed with the cause to final decree, the place of the last matrimonial cohabitation. There is no more real issue for the determination of the circuit court than there would be if it were conceded that the grounds upon which to rest the jurisdiction claimed had no existence as a matter of fact. For nothing can be more clear than that the lower court was powerless to entertain the bill because it did not allege a fact without which it could not proceed at all. It had no jurisdiction to determine any fact in controversy except that it was powerless to act

in the absence of a showing of the grounds necessary to give it cognizance of the suit.

It may be urged that plaintiff should be given time to correct this defect in her bill by a proper amendment. That question, however, has been answered decisively by Judge POFFENBARGER in *City of Charleston* v. *Littlepage,* 73 W. Va. 156, where he says: ''That allegations of fact, when necessary to vest jurisdiction in a court, must be sufficient is an obvious corollary of the proposition just asserted. To say the court may act upon insufficient allegations, because they may be made sufficient by amendment, is clearly inconsistent with the rule or principle. The facts stated do not confer jurisdiction and ability to amend is mere matter of surmise and conjecture. Nothing in the view of the court establishes it. Hence it is not a fact within the knowledge of the court. If it is permitted to act under such circumstances, it clearly acts without jurisdiction. To permit action upon such a bill or pleading will enable the court at any time to exercise jurisdiction in cases in which it has none. If it has power to retain for amendment and act upon the pleading, pending the process of amendment, the time allowable for amendment would be within its discretion and not reviewable. It might take a week, a month, or a year, during which there would be action without jurisdiction shown. The power to proceed at all depends upon certain facts and they are not shown and may never be. If a court could act upon such a pleading, there would never be any lack of jurisdiction except in those cases in which it is denied by some statute or principle of law and is in no sense dependent upon facts.'' See also *Weil* v. *Black,* 76 W. Va. 685, pt. 2, Syl.

It is further stated in the opinion in *Charleston* v. *Littlepage, supra,* p. 162: ''The rule is that in passing upon the question of its own jurisdiction, a court always acts at its peril. Its decision upon that question affords it no protection from supervisory process from a higher court and confers no right upon the parties in whose favor the decision was rendered.''

As in that case the court had acted upon the prayer of the bill in granting an injunction, when the allegations of

the bill were insufficient to make out a case therefor, so here
the circuit court of Wood County has assumed jurisdiction
of the case and has acted thereon in awarding temporary
alimony and suit money, and in referring the cause to a
commissioner, as permitted by section 18, ch. 64, and for the
purposes therein specified, when the bill fails to aver facts'
essential to confer jurisdiction upon it. At page 163 of the
opinion in *Charleston* v. *Littlepage, supra,* it is said: "To
warrant interposition by the writ of prohibition it is only
necessary to show that the inferior tribunal is actually pro-
ceeding or about to proceed in some matter in which it has
no rightful jurisdiction. * * * Thus stated by the courts
everywhere, the terms of the rule preclude right to time for
consideration after action, and authorize prevention of ac-
tion without any allowance of time for consideration."

Because the circuit court has acted in awarding tempor-
ary alimony and suit money, with a petition now pending
before the court to double the monthly allowance of the for-
mer and increase the latter, it readily appears that the rem-
edy by the ordinary appellate process is inadequate. When
such is the case, the remedy is by writ of prohibition. *Swin-
burn* v. *Smith,* 15 W. Va. 483, 501; *State* v. *Clark,* (Tex.
Cr. App.), 187 S. W. 760, 767. But irrespective of the ade-
quacy or inadequacy of other remedies, when a court is at-
tempting to proceed in a cause without jurisdiction, prohi-
bition will issue as a matter of right regardless of the exist-
ence of other remedies. Ch. 110, § 1, Code; *Marsh* v.
*O'Brien,* 82 W. Va. 508, 96 S. E. 795; *Wayland Oil & Gas
Co.* v. *Rummel,* 78 W. Va. 196; *Weil* v. *Black,* 76 W. Va.
685, 688; *Charleston* v. *Littlepage, supra.* As in the cases last
cited, so in this the lower court has decided to permit plain-
tiff and to require defendant to proceed with the cause,
notwithstanding the apparent want of authority on its part
so to do. Depositions have been taken, apparently for the
purpose of supplying omissions in the bill—at least the con-
tention is that the proof taken shows the last place of co-
habitation to have been in Wood County; payment of ali-
mony and counsel fees required, and a second application
pending for an increased amount of both; as if all questions

affecting the court's jurisdiction were adjudicated, settled and determined formally and completely.

In awarding this writ we do not base our action upon the sufficiency or insufficiency of the proof adduced to show cohabitation in Wood County, and we express no opinion upon the evidence. That is a disputed question of fact and plaintiff'had not yet concluded her taking of depositions. But it is well settled that facts necessary to the conferring of jurisdiction in a divorce suit must be pleaded as well as proved, and proof cannot be considered to supply the omission of an allegation necessary to show jurisdiction. *Stansbury* v. *Stansbury,* 118 Mo. App. 427, *Robinson* v. *Robinson,* 149 Mo. App. 733; *McGee* v. *McGee,* 161 Mo. App. 40. In the case first cited the jurisdictional facts were indisputably established by the uncontradicted evidence, but because not pleaded, the cause was reversed and the whole proceeding held to be coram non judice for lack of jurisdiction over the subject matter. It is essential that the jurisdictional facts be adequately pleaded. *Holton* v. *Holton* (Ore.), 129 Pac. 532; *Miller* v. *Miller,* (Ind. App.) 104 N. E. 588; 2 Bishop, Marriage & Divorce, §§ 589-594. If the allegations of the bill had been sufficient to show prima facie jurisdiction, the ruling of the lower court upon the facts could have been at most only erroneous and therefore not correctable by writ of prohibition.                    *Writ awarded.*