IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2020 Term

_____

No. 20-0142

_____

**FILED**
**November 2, 2020**
**released at 3:00 p.m.**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA EX REL.
EVERETT FRAZIER, COMMISSIONER
WEST VIRGINIA DIVISION OF MOTOR VEHICLES,
Petitioner

v.

THE HONORABLE WARREN R. MCGRAW,
JUDGE OF THE CIRCUIT COURT OF WYOMING COUNTY,
and DALTON WATTS,
Respondents

_____

PETITION FOR WRIT OF PROHIBITION

WRIT GRANTED AS MOULDED

_____

Submitted: October 7, 2020
Filed: November 2, 2020

Patrick Morrisey, Esq.
Attorney General
Janet E. James, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Petitioner

Lela D. Walker, Esq.
Oceana, West Virginia
Counsel for Respondent Watts

CHIEF JUSTICE ARMSTEAD delivered the Opinion of the Court.

i

SYLLABUS BY THE COURT

1.      "When a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies."  Syllabus Point 10, *Jennings v. McDougle*, 83 W. Va. 186, 98 S.E. 162 (1919).


2.      "When an individual brings a mandamus action seeking to compel the West Virginia Division of Motor Vehicles to perform a statutory duty which relates to the Division's maintenance of records, and such action is not an administrative appeal pursuant to the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A–1–1 to 29A–7–4 (1998), West Virginia Code §§ 14–2–2(a)(1) and 53–1–2 require that such action shall be brought in the Circuit Court of Kanawha County, but such an action cannot be used to circumvent the administrative appeals procedure."  Syllabus Point 12, *State ex rel. Miller v. Reed*, 203 W. Va. 673, 510 S.E.2d 507 (1998).

Armstead, Chief Justice:

Everett Frazier, Commissioner of the West Virginia Division of Motor Vehicles ("DMV"), seeks to prohibit The Honorable Warren R. McGraw, Judge of the Circuit Court of Wyoming County, from enforcing his November 7, 2019, order that stayed the DMV's administrative revocation of the driver's license of Dalton Watts ("Watts") pending appeal to the circuit court. The DMV contends that because there was no contested case in the administrative proceeding, the circuit court did not have jurisdiction. The DMV further contends that the relief sought – granting Watts another administrative hearing – could only be accomplished by seeking extraordinary relief in mandamus against the non-party Office of Administrative Hearings ("OAH") in Kanawha County. For the reasons stated herein, we agree with the DMV that the Wyoming County Circuit Court had no jurisdiction to hear this matter and issue the stay pending appeal.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 25, 2015, Watts was driving his 1985 Chevrolet Blazer on West Virginia Route 10 in Matheny, West Virginia, when he was observed by Wyoming County Deputy Sheriff McKinney to be drifting, straddling the lane line, and swerving. Deputy McKinney initiated a traffic stop and pulled Watts over. Deputy McKinney then administered three field sobriety tests on Watts – the horizontal gaze nystagmus test, the walk and turn test, and the one leg stand. Watts failed the horizontal gaze nystagmus and walk and turn tests. He was unable to perform the one leg stand. Thereafter, Watts submitted to two separate preliminary breath tests, showing his blood alcohol content to be

1

.081 and .082, respectively. Watts was then transported to the Wyoming County Sheriff's Department where a secondary chemical test was administered. The result of that test showed Watts' blood alcohol content to be .076, and Deputy McKinney declined to arrest Watts.

Deputy McKinney transmitted his West Virginia DUI Information Sheet to the DMV, which issued an "ORDER OF REVOCATION NOTICE" dated November 5, 2015, noting that Watts' "driving privileges will be revoked at 12:01 a.m. ET" on December 10, 2015, for a period of one year. In that order, the DMV informed Watts that he "may Petition the [OAH] for a hearing," which Watts timely did.

The administrative hearing was first set for April 5, 2016. During the next three years, the matter was set for hearing a total of sixteen times. At the August 15, 2019, hearing, neither Watts nor his lawyer appeared. Notice of the August 15, 2019, hearing was sent to Watts' lawyer via email and was also included in the administrative order granting the previous continuance dated July 23, 2019.

Because Watts failed to appear at the hearing, the OAH entered a final order, affirming the Order of Revocation dated November 5, 2015, because an "unexcused failure to appear at [the] administrative hearing is construed as an implicit withdrawal of [the] request for a hearing as well as a waiver of [Watts'] right to contest the suspension and/or revocation." A copy of this final order was sent to Watts, who then went to his lawyer

2

about the missed hearing. Watts' attorney informed Watts that "he didn't want anything to do with the case anymore." Watts then retained another lawyer who filed the purported appeal in the Wyoming County Circuit Court.

After a hearing, the circuit court, by its November 7, 2019, order, stayed the revocation of Watts' license pending appeal. Thereafter, the DMV sought this writ to prohibit the circuit court from proceeding, maintaining that the OAH's final order was not appealable because there was no contested case before the OAH. The DMV further argues that Watts' request for relief below should properly be considered a petition for writ of mandamus against the OAH, which was not a party to the purported appeal. Finally, because a writ of mandamus is only proper in Kanawha County, the DMV argues that the circuit court also lacked jurisdiction to grant any requested relief.[1]

---

[1] The DMV also argues that pre-suit notice was not given for a writ of mandamus as required in West Virginia Code § 55-17-3 (2008) and that this Court should assess costs against Watts for essentially seeking a writ of mandamus in a circuit court lacking jurisdiction. *See* W. Va. Code § 59-2-12 (1931).

We decline to address these issues as we find that the circuit court lacked jurisdiction, so the question of pre-suit notice is moot. As for the issue of costs, we simply note that the OAH's final order invited Watts to seek relief by filing an appeal, which is exactly what he did.

3

## II. STANDARD OF REVIEW

In *State ex rel. Hoover v. Berger,* 199 W. Va. 12, 483 S.E.2d 12 (1996), this Court adopted the following standard to be used in granting a writ of prohibition where the circuit court has jurisdiction, but exceeds it:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syllabus Point 4, *Hoover*. However, "[w]hen a court is attempting to proceed in a cause without jurisdiction, prohibition will issue as a matter of right regardless of the existence of other remedies." Syllabus Point 10, *Jennings v. McDougle*, 83 W. Va. 186, 98 S.E. 162 (1919).

## III. ANALYSIS

In this matter, the DMV argues that the circuit court did not have jurisdiction to hear an appeal of this matter because the final order was not the result of a "contested

4

case" under the West Virginia Administrative Procedures Act ("the Act"). *See* W. Va. Code § 29A-5-4 (1998). We agree.

We recently analyzed the term "contested case" under the Act. *See State ex rel. Frazier v. Thompson*, 243 W. Va. 46, 842 S.E.2d 250 (2020). The facts in *Thompson* show that one of the drivers therein did not timely appeal the DMV order of revocation to the OAH. *See id.*, 243 W. Va. at ___, 842 S.E.2d at 254. After the OAH declined to hold a hearing, the driver then filed an appeal in the circuit court. *Id.* The circuit court entered an *ex parte* order that it had jurisdiction, required the DMV to provide its administrative file to the court, and temporarily reinstated driving privileges, pending appeal. *See id.* As in the present case, the DMV in *Thompson* sought a writ of prohibition in this Court to prohibit the circuit court from enforcing its order. *See id.*

In *Thompson*, we discussed our prior cases under the Act and concluded that for a matter to be a contested case, "an administrative agency [must] hold a hearing and issue a decision." *Id.*, 243 W. Va. at ___, 842 S.E.2d at 257. Thus, where there was no hearing before the OAH, there was no "contested case" from which a party could appeal because "a circuit court has jurisdiction under the Act to review only 'contested cases'" *Id.*, 243 W. Va. at ___, 842 S.E.2d at 258.

Our holding in *Thompson* clearly applies here. In this matter there was no hearing on the merits before the OAH so there was no "contested case." Therefore, the

5

circuit court lacked jurisdiction to hear the appeal. We further agree with the DMV that lack of a contested case, in effect, converted Watts' appeal into a petition for an extraordinary remedy – a writ of mandamus.

"Jurisdiction of writs of mandamus and prohibition . . . shall be in the circuit court of the county in which the record or proceeding is to which the writ relates." W. Va. Code § 53-1-2 (1933). Since "the Division's records relating to drivers' licenses are maintained at the State Capitol in Charleston, Kanawha County, West Virginia," *State ex rel. Miller v. Reed*, 203 W. Va. 673, 684, 510 S.E.2d 507, 518 (1998), a writ of mandamus seeking to compel the OAH to hold a hearing is only proper in Kanawha County.

> When an individual brings a mandamus action seeking to compel the West Virginia Division of Motor Vehicles to perform a statutory duty which relates to the Division's maintenance of records, and such action is not an administrative appeal pursuant to the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A–1–1 to 29A–7–4 (1998), West Virginia Code §§ 14–2–2(a)(1) and 53–1–2 require that such action shall be brought in the Circuit Court of Kanawha County, but such an action cannot be used to circumvent the administrative appeals procedure.

Syllabus Point 12, *Miller*.

Because the circuit court lacked jurisdiction to entertain the appeal, the filing below essentially sought to compel the OAH – which was not named as a party – to perform its statutory duty by granting Watts a new hearing. Just like the DMV, the OAH is based in Kanawha County, and all its records are maintained there. Thus, the circuit court lacked

jurisdiction to grant the extraordinary relief requested not only because a party necessary for just adjudication was not joined in the matter, *See W. Va. R. Civ. P.* 19(a), but also because petitions for mandamus against either the DMV or the OAH are only proper in Kanawha County. As the United States Supreme Court said over one hundred and fifty years ago, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868). *Accord* Syllabus Point 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W. Va. 492, 211 S.E.2d 705 (1975).

Because the circuit court lacked jurisdiction to hear either the appeal or a petition for writ of mandamus in this action, the circuit court clearly exceeded its authority in acting upon Watts' filing. The DMV is entitled to issuance of the requested writ and dismissal of the underlying proceeding.

## IV. CONCLUSION

For the foregoing reasons, we grant the writ of prohibition as moulded preventing the enforcement of the circuit court's November 7, 2019, order and direct the circuit court to dismiss the matter from its docket.

Writ granted as moulded.