510 S.E.2d 507

**STATE of West Virginia ex rel. Joe E. MILLER, Commissioner, Division of Motor Vehicles of the State of West Virginia, Petitioner,**

v.

**Honorable Neil A. REED, Judge of the Circuit Court of Preston County, and Neil L. Shedd, II, Respondents.**

**Susan J. Burrough, Appellee,**

v.

**Jane L. Cline, Commissioner, West Virginia Department of Motor Vehicles, Appellant.**

**Nos. 25191, 25146.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 6, 1998 and Sept. 22, 1998.

Decided Dec. 8, 1998.

Darrell V. McGraw, Jr., Esq., Attorney General, Jacquelyn I. Custer, Esq., Senior Assistant Attorney General, Charleston, West Virginia, Attorneys for Petitioner.

David J. Straface, Esq., Angotti and Straface, Morgantown, West Virginia, Attorney for Respondent, Neil L. Shedd, II.

Arthur J. Recht, Esq., Recht Law Office, Weirton, West Virginia, Attorney for Appellee.

Darrell V. McGraw, Jr., Esq., Attorney General, Jacquelyn I. Custer, Esq., Senior Assistant Attorney General, Charleston, West Virginia, Attorneys for Appellant.

WORKMAN, Justice.

The above-styled cases have been consolidated for the purposes of this opinion be-

cause both cases address the issue of whether the West Virginia Division of Motor Vehicles (hereinafter "Division") provided sufficient notice of revocation of a driver's license.

## I.

### State ex rel. Joe E. Miller v. The Honorable Neil A. Reed and Neil L. Shedd, II

The Commissioner of the Division, Joe E. Miller, filed this writ of prohibition seeking to prevent the enforcement of an April 7, 1998, order, issued by Judge Neil Reed of the Circuit Court of Preston County. Through this order, the circuit court directed the Division to provide the respondent, Neil L. Shedd, Jr. (hereinafter "Mr. Shedd"), an opportunity to request an administrative hearing from the Division to contest the Division's revocation of his license for driving under the influence of alcohol. The Division contends that the circuit court exceeded its jurisdiction and legitimate authority by entering the order.

Mr. Shedd contends that although he provided his new address to the arresting officer, he did not receive proper notice regarding the suspension of his license and, therefore, had been wrongfully denied an administrative hearing by the Division. Because Mr. Shedd failed to properly notify the Division of his change of address, we find that the Division's notification, which was mailed to Mr. Shedd's address of record, was sufficient notice of the administrative hearing and, therefore, we prohibit the circuit court from enforcing the order.

### Shedd Facts

Mr. Shedd was arrested in Preston County on January 26, 1997, for driving under the influence of alcohol in violation of West Virginia Code § 17C-5-2(d) (1996). Upon his arrest, Mr. Shedd provided the arresting officer with the correct address of his residence at 207 Pratt Street, Kingwood, West Virginia. This address was included in the information forwarded to the Division when the arresting officer reported the arrest to the Division. Upon notice of the arrest, the Division issued an initial order revoking the priv-

ilege of Mr. Shedd to drive in West Virginia. The initial revocation order was forwarded to Mr. Shedd by certified mail on February 5, 1997, return receipt requested, at the address which was then on file for him with the Division,[1] pursuant to the requirements of West Virginia Code § 17A–2–19 (1996).[2] The United States Postal Service stamped the envelope containing the initial revocation order "forwarding order expired" and returned the order to the Division. The initial revocation order afforded Mr. Shedd the right to request an administrative hearing to challenge the order within ten days of receiving notice of the order. Mr. Shedd never requested an administrative hearing.

Eight months later, on October 11, 1997, Mr. Shedd was stopped for an unrelated traffic violation and was notified at that time that his license had been revoked by the Division. After another four months, Mr. Shedd filed a "Petition for Appeal and Supersedeas on Behalf of Appellant" in the circuit court of Preston County seeking review of the Division's "decision" denying him the right to an administrative appeal. According to the record, Mr. Shedd filed this petition pursuant to the West Virginia Administrative Procedures Act (hereinafter "APA"), West Virginia Code §§ 29A–1–1 to 29A–7–4 (1998). Mr. Shedd maintains that when he told the arresting officer his current address, he officially notified the Division of his address change and, therefore, the Division should have sent the notice of revocation to his new address.

After a hearing, the circuit court held: (1) that DMV Form 14, which is the statement of the arresting officer that is prepared and issued pursuant to West Virginia Code § 17C–5A–1 (1996), is an official notification to the Division and the document that trig-

gered the initial order of revocation; (2) that upon the return of the initial order of revocation to the Division, it was incumbent on the Division to send the notice to the address Mr. Shedd gave the arresting officer; and (3) that Mr. Shedd is entitled to have an administrative hearing to appeal the revocation of his license. The circuit court ordered the Division to provide Mr. Shedd with an administrative hearing, provided Mr. Shedd requested such a hearing within ten days after the entry of the order memorializing its rulings.

## II.

### Susan J. Burrough v. Jane L. Cline, Commissioner of the West Virginia Division of Motor Vehicles [3]

Joe E. Miller, Commissioner of the Division, as successor to the respondent below, Jane L. Cline, appeals the order of the Circuit Court of Hancock County compelling the Division to afford the Appellee, Susan J. Burrough (hereinafter "Ms. Burrough"), an administrative hearing in order to challenge the revocation of her driver's license for driving under the influence of alcohol. Ms. Burrough did not file a responsive pleading, but instead chose to rely on the record from the underlying proceeding. Ms. Burrough contends, as Mr. Shedd contends, that although she gave her new address to the arresting officer, the Division sent the order of revocation to her old address, thereby depriving her of the opportunity for an administrative hearing. Because Ms. Burrough failed to properly notify the Division of her change of address, we find that the Division's notification, which was sent to Ms. Burrough's address of record, was sufficient notice of the

---

1. That address was Post Office Box 312, Kingwood, West Virginia.

2. West Virginia Code § 17A–2–19 (1996) provides, in pertinent part:

 Whenever the department is authorized or required to give any notice under this chapter or other law regulating the operation of vehicles, unless a different method of giving such notice is otherwise expressly prescribed, such notice shall be given either by personal delivery thereof to the person to be so notified or by

deposit in the United States mail of such notice in an envelope with postage prepaid, addressed to such person at his address as shown by the records of the department. The giving of notice by mail is complete upon the expiration of four days after such deposit of said notice.

3. Jane L. Cline, the former Commissioner of the Division was the respondent below. Her successor, Joe E. Miller, is the Appellant in the current proceeding.

administrative hearing and, therefore, we reverse the circuit court.

## Burrough Facts

Ms. Burrough was arrested in Hancock County on June 14, 1997, for driving under the influence of alcohol in violation of West Virginia Code § 17C–5–2(d). The arresting officer, Trooper B.L. Allen of the West Virginia State Police, submitted a "Statement of Arresting Officer" to inform the Division of Ms. Burrough's arrest. An Intoxilyzer ticket submitted with the "Statement of Arresting Officer" reflected a result of .181 on an insufficient sample. The "Statement of Arresting Officer" also included Ms. Burrough's address as 264 Central Avenue, Weirton, West Virginia.

Upon notice of the arrest, the Division issued an initial order revoking the privilege of Ms. Burrough to drive in West Virginia. The initial revocation order was forwarded to Ms. Burrough by certified mail on June 25, 1997, return receipt requested, at the address which was then on file with the Division,[4] pursuant to the requirements of West Virginia Code § 17A–2–19. The envelope containing the revocation notice was returned to the Division with a notation indicating that a forwarding order had expired.

The Division's initial revocation notice advised Ms. Burrough that her privilege to drive in West Virginia was revoked for a period of six months pending successful completion of the safety and treatment program and payment of pertinent fees. The notice further advised Ms. Burrough that she was entitled to request an administrative hearing to challenge the revocation, in writing, "with the Commissioner in person or by registered or certified mail, return-receipt requested, within ten (10 ) days after receipt of this order." Ms. Burrough never requested an administrative hearing and no further action took place at the administrative level.

Approximately two months later, on September 9, 1997, Ms. Burrough initiated the circuit court action by filing a pleading simply entitled "Motion." In her "Motion," Ms. Burrough contended that she did not receive a right to hearing notice from the Division

and therefore, denial of her right to hearing would be unjust and unfair. She contended that she did not change her former post office address to her current residency address because of excusable neglect. Ms. Burrough requested that the circuit court order the Division to give her a new notice of revocation so that she might be afforded a hearing. The circuit court assigned the action an administrative appeal number. The Division moved to dismiss the action on the basis that the petition should be viewed as an extraordinary writ of mandamus based upon the nature of the relief requested and that the circuit court lacked venue and jurisdiction over the action.

After a hearing on both Ms. Burrough's motion and the Division's motion to dismiss, the circuit court denied the Division's motion to dismiss, holding that the action was not in the nature of a writ of mandamus, but rather a demand for review of a denial of due process. With respect to Ms. Burrough's motion, the circuit court held that "the Department's [Division's] actions in not mailing it [the revocation notice] to the address provided by the arresting officer when it had access to the appropriate address, was arbitrary and capricious[.]" The circuit court ordered the Division to grant Ms. Burrough an administrative hearing within thirty days of the entry of the order.

### III.

#### Standard of Review

■ In the Shedd case, the Division filed a writ of prohibition seeking to prevent the enforcement of the April 7, 1998, order. The Division contends that the circuit court has no jurisdiction over the case and exceeded its legitimate powers in issuing the order. We have held that " '[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari.' Syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953)."

4. That address was Post Office Box 164 C5, Weirton, West Virginia.

Syl. Pt. 2, *Cowie v. Roberts*, 173 W.Va. 64, 312 S.E.2d 35 (1984).

 In syllabus point four of *State ex rel. Hoover v. Berger*, 199 W.Va. 12, 483 S.E.2d 12 (1996), we set forth the applicable standard for determining whether to grant a writ of prohibition in cases when a petitioner asserts that the circuit court has exceeded its legitimate powers:

In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

*Id.*

 In the Burrough case, the circuit court treated Ms. Burrough's "Motion" as an administrative appeal of a contested case and the Division chose to appeal the circuit court's final order under West Virginia Code § 29A–6–1 (1998) [5] of the APA.[6] The scope of judicial review concerning decisions issued by the Division was stated in syllabus point one,

*Johnson v. State Department of Motor Vehicles*, 173 W.Va. 565, 318 S.E.2d 616 (1984):

"Upon judicial review of a contested case under the West Virginia Administrative Procedure Act, Chapter 29A, Article 5, Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are: (1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion." Syllabus Point 2, *Shepherdstown Volunteer Fire Dept. v. West Virginia Human Rights Comm'n*, 172 W.Va. 627, 309 S.E.2d 342 (1983).

 The Division has also alleged that the circuit court misapplied the law in ordering the Division to afford Ms. Burrough a hearing. " 'In reviewing the judgment of the lower court this Court does not accord special weight to the lower court's conclusions of law, and will reverse the judgment below when it is based on an incorrect conclusion of law.' Syllabus Point 1, *Burks v. McNeel*, 164 W.Va. 654, 264 S.E.2d 651 (1980). Syllabus, *Bolton v. Bechtold*, 178 W.Va. 556, 363 S.E.2d 241 (1987)." Syl. Pt. 2, *State ex rel. Dep't of Motor Vehicles v. Sanders*, 184 W.Va. 55, 399 S.E.2d 455 (1990).

 Even though the Shedd case and the Burrough case followed different procedural routes, they relate to identical issues, and similarly present an issue of statutory inter-

---

5. West Virginia Code § 29A–6–1 provides that "[a]ny party adversely affected by the final judgment of the circuit court under this chapter may seek review thereof by appeal to the supreme court of appeals of this state...."

6. The Division contends that the circuit court misapprehended the nature of Ms. Burrough's "Motion" and that, in fact, it should not have been considered an administrative appeal of a contested case. This issue is addressed in section V of this opinion.

pretation. Accordingly, the following standard of review applies: "Where the issue on appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995).

## IV.

### Discussion

The Division contends that the respective circuit courts incorrectly found that it had a duty to send the initial revocation order to the respective addresses provided by Mr. Shedd and Ms. Burrough to the arresting officers. The law is clear that Mr. Shedd and Ms. Burrough had a statutory duty to keep the Division apprised of their correct addresses. West Virginia Code § 17B–2–13 (1996) requires that an individual holding a driver's license must notify the Division in writing of a change of address within twenty (20) days after a change to the new address is made. Specifically, West Virginia Code § 17B–2–13 provides:

> Whenever any person after applying for or receiving a driver's license moves from the address named in such application or in the license issued to person, or when the name of a licensee is changed by marriage or otherwise, such person shall within twenty days thereafter notify the division in writing of the old and new addresses or of such former and new names and of the number of any license then held by such person on the forms prescribed by the division.

"The person who holds a driver's license has the responsibility to notify the Department of a change of address and the Department has no obligation to seek out those persons who fail to notify the Division." *Davis v. West Virginia Dep't of Motor Vehicles, et al.*, 187 W.Va. 402, 405, 419 S.E.2d 470, 473 (1992). *Accord State ex rel. Dept. of Motor Vehicles v. Sanders*, 184 W.Va. 55, 59, 399 S.E.2d 455, 459 (1990) ("the burden is on the licensee to notify the Department of Motor Vehicles of a change of address"); *State ex rel. Mason v. Roberts*, 173 W.Va. 506, 509,

318 S.E.2d 450, 453 (1984) ("the DMV [Division] has no obligation to track him down").

■ In the present cases, as in *Davis*, both Mr. Shedd and Ms. Burrough maintain that their statement of their new address to their arresting officers constituted notice to the Division of their change of address. Neither Mr. Shedd nor Ms. Burrough dispute that they failed to notify the Division in writing of their address changes, as required by West Virginia Code § 17B–2–13. In addition, Mr. Shedd was given actual notice that the Division had revoked his license on October 11, 1997, when he was stopped for an unrelated traffic offense. Despite this notice, he took no action until February 26, 1998, when he filed his petition in circuit court, a delay of more than four months. Ms. Burrough took no action from the time of her arrest on June 14, 1997, until September 9, 1997, when she filed her motion in circuit court. Accordingly, we hold today that pursuant to the provisions of West Virginia Code § 17B–2–13 (1996), an individual who holds a driver's license issued by the West Virginia Division of Motor Vehicles is required to notify the Division in writing concerning a change of address within twenty (20) days after a change of residence on the prescribed form.

■ The express statutory requirement that the notification of a change of address be given to the Division on the forms prescribed by it cannot be ignored. The Division is charged with overseeing literally hundreds of thousands of drivers' licenses. The legislature clearly recognized that it would be an administrative nightmare to allow any writing submitted at any time by an individual or some third party, such as the arresting officer in this case, to suffice as notification to the Division of the relevant changes dictated by the statute. Thus, a specific form and time frame were prescribed. Clearly, giving the new address to an arresting officer at the time that individual is stopped for driving under the influence or some other traffic violation, as Mr. Shedd and Ms. Burrough did here, does not meet this statutory requirement.

■ The law is equally clear that the Division satisfied the requirements of this State's due process clause by sending the copy of the revocation orders to both Mr. Shedd and Ms. Burrough by United States mail addressed to them at their addresses as shown by the Division's records. This Court has held that "[t]he administrative proceedings for suspension of a driver's license under W.Va.Code, 17C–5A–1, et seq., do not violate this State's Due Process Clause." Syl. Pt. 3, *Jordan v. Roberts*, 161 W.Va. 750, 246 S.E.2d 259 (1978). When the Division receives a statement from the arresting officer showing a person drove a motor vehicle while under the influence of alcohol, the Division is required to enter an order revoking his driver's license. *Davis*, 187 W.Va. at 405, 419 S.E.2d at 473. The Division must send a copy of such order to that person by mail "addressed to such person at his address as shown by the records of the department" pursuant to West Virginia Code § 17A–2–19. *Id.* The Division does not have a duty to seek out those persons who fail to notify the Division of their address changes. *See Davis*, 187 W.Va. at 405, 419 S.E.2d at 473. Because the law is clear in this jurisdiction, we hold that the West Virginia Division of Motor Vehicles satisfies the requirements of due process by mailing a copy of a driver's license revocation or suspension order to an individual whose license to drive is revoked or suspended, addressed to such individual at the last recorded address shown by the Division's records.

■ In the present case, the Division fulfilled its obligation of giving notice when it sent the initial revocation order to both Mr. Shedd and Ms. Burrough at the "address as shown by the records of the department." W.Va.Code § 17A–2–19. Further, Mr. Shedd's and Ms. Burrough's right to an administrative hearing before the Division to challenge the revocation of their licenses under West Virginia Code § 17C–5A–2(a) (1996)[7] is predicated upon the filing of a timely request seeking such hearing. Neither Mr. Shedd nor Ms. Burrough met the statutory timeliness requirement. Generally, the failure to make a timely request for an administrative hearing constitutes a waiver of the right to such hearing. *State ex rel. Ruddlesden v. Roberts*, 175 W.Va. 161, 332 S.E.2d 122 (1985). In *Ruddlesden*, we explained that:

The drunk driving laws of this State are … regulatory and protective, designed to remove violations from the public highways as quickly as possible. In this context we believe the ten-day statutory period [in which to request an administrative hearing] should be strictly applied. The requirement that the motorist respond in a timely fashion is not unduly burdensome in view of the State's strong interest in promoting public safety and the importance to the motorist of the driving privilege.

*Id.* at 164–65, 332 S.E.2d at 126.

■ The failure of respondents Shedd and Burrough to request an administrative hearing within the time provided by statute constituted a waiver of their right to do so and their licenses were properly revoked. Had Mr. Shedd or Ms. Burrough filed a written request within ten days after receiving the revocation order, they would have preserved their right to administrative hearings; and had the Division affirmed the revocation of Mr. Shedd's and Ms. Burrough's license, then they would have been entitled to judicial review of the decision under the APA. *See* W.Va.Code § 17C–5A–2(q).

### V.

As an ancillary matter, we address the argument raised by the Division in both cases that the respective circuit courts mis-

---

7. West Virginia Code § 17C–5A–2(a) provides, in part:

Upon the written request of a person whose license to operate a motor vehicle in this state has been revoked or suspended under the provisions of section one [§ 17C–5A–1] of this article or section seven [§ 17C–5–7], article five of this chapter, the commissioner of motor vehicles shall stay the imposition of the period of revocation or suspension and afford the person an opportunity to be heard. *The written request must be filed with the commissioner in person or by registered or certified mail, return receipt requested, within ten days after receipt of a copy of the order of revocation or suspension.*

W.Va.Code § 17C–5A–2(a) (emphasis added).

apprehended the nature of the action before them. The Division correctly contends that the actions filed by both Mr. Shedd and Ms. Burrough were not administrative appeals of a final order in a contested case within the meaning of the APA. In the Shedd case, Mr. Shedd filed a "Petition for Appeal and Supersedeas on Behalf of Appellant" seeking review of the Division's "decision" denying him the right to an administrative appeal. Mr. Shedd filed this petition pursuant to the APA and the circuit court treated it as such. In the Burrough case, Ms. Burrough simply filed a "Motion" in the circuit court seeking an order that the Division be compelled to give her a new hearing so that she could challenge the revocation of her driver's license. Ms. Burrough's motion did not invoke the circuit court's jurisdiction pursuant to the APA; however, the circuit court assigned the action an administrative appeal number and proceeded to treat it as an administrative appeal. In both cases, the Division argues that the actions could not have been brought in the respective circuit courts pursuant to the APA because the actions did not involve a final order or decision in a contested case.

West Virginia Code § 17C–5A–2(q) (1996) provides that a person whose license has been revoked or suspended after a hearing before the Commissioner of the Division, is entitled to judicial review as set forth in APA. "The rules governing the procedures for denial, suspension, revocation or nonrenewal of driving privileges are contained in Title 91, Series 5 of the Code of State Regulations (91 C.S.R. 5)." *Carte v. Cline,* 200 W.Va. 162, 166, 488 S.E.2d 437, 441 (1997). "91 C.S.R. § 5–7.14 provides judicial review for a licensee whose driver's license is, or remains suspended after a hearing.[8]" *Id.*

The APA contemplates a process whereby a hearing shall be held in a "contested case" for the purposes of challenging an action of

an administrative agency. W.Va.Code § 29A–5–1 (1998). West Virginia Code § 29A–5–3 (1998) provides that "[e]very final order or decision rendered by any agency in a contested case shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law." A party who is adversely affected by the final order of the administrative agency may seek appellate review in circuit court within thirty days after the date upon which the party received notice of the final order. W.Va. Code §§ 29A–5–4(a) and (b) (1998).[9]

Appellate review of a final order of an administrative agency is limited to a "contested case." W.Va.Code § 29A–5–4(a). West Virginia Code § 29A–1–2(b) (1998) of the APA defines "contested case" as "a proceeding before an agency in which the legal rights, duties, interests or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing. . . ." The rules governing the procedures for denial, suspension, revocation or nonrenewal of driving privileges as contained in Title 91, Series 5 of the Code of State Regulations contemplate that the Commissioner must hold a hearing in a contested case before a person whose license is being revoked may seek appellate review pursuant to the APA. As there was no administrative hearing before the Division by the Commissioner, there was no "contested case" within the meaning of West Virginia Code § 29A–1–2 of the APA. The Division's initial notice of revocation, which is the only determination and/or decision made by the Division, does not fall within the statutory definition of a "contested case" as contemplated by the APA and West Virginia Code § 17C–5A–2(q). Further, the respective parties failed to contest the initial revocation of their driving licenses and failed to make a timely request for an administrative hearing. As a result, full administrative hearings were never held by the Division, and final orders, including

---

8. "Hearing [m]eans the administrative procedures conducted by the Commissioner pursuant to W.Va.Code §§ 17C–5A–1 et seq. and 29A–5–1 et seq. and this section as applied to contested cases arising out of the enforcement of administrative revocations imposed under the provisions of W.Va.Code 17C–5A–1 et seq." 91 W.Va. C.S.R. § 5–14.2.c.

9. At the election of the petitioner, a petition for review of a contested case may be filed in the Circuit Court of Kanawha County or in the circuit court of the county in which the petitioner resides or does business. W.Va.Code § 29A–5–4(b).

findings of fact and conclusions of law, were never issued by the Division.

 Thus, where an administrative hearing is not held in a driver's license revocation case because the holder of the driver's license failed to pursue his administrative remedies, a circuit court does not have jurisdiction to grant extraordinary relief with respect to issues which are capable of resolution under the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A–1–1 to 29A–7–4 (1998). "The exhaustion of administrative remedies is a well-established rule in this jurisdiction." *Cowie*, 173 W.Va. at 67, 312 S.E.2d at 38. " 'The general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the courts will act.' Syl. pt. 1, *Daurelle v. Traders Federal Savings & Loan Association*, 143 W.Va. 674, 104 S.E.2d 320 (1958)." Syl. Pt. 1, *Cowie*, 173 W.Va. at 65, 312 S.E.2d at 36.

The Division also argues that because the Shedd case and the Burrough case were not properly before the circuit courts as administrative appeals, the nature of the relief requested by both parties was in the nature of a petition for a writ of mandamus, and that, as such, the respective circuit courts should have dismissed both actions for lack of jurisdiction and venue. Mr. Shedd and Ms. Burrough sought and received orders from the circuit courts, which, in essence, compelled the Division to afford each an administrative hearing. Accordingly, both actions were more in the nature of a petition for a writ of mandamus rather than a petition for appeal from a final order in an administrative hearing.[10]

West Virginia Code § 53–1–2 (1994) provides that "[j]urisdiction of writs of mandamus and prohibition ... shall be in the circuit court of the county in which the record or proceeding is to which the writ relates." In both cases, the Division's records relating to driver's licenses are maintained at the State Capitol in Charleston, Kanawha County, West Virginia. There is no question that, in regard to these two cases, jurisdiction for a writ of mandamus must be brought in the Circuit Court of Kanawha County. Both actions sought to compel the Division to provide Mr. Shedd and Ms. Burrough with an administrative hearing to challenge the revocation of their driver's licenses, and such records are maintained in Kanawha County.

 Further, because we have determined that neither Mr. Shedd's nor Ms. Burrough's actions arose under the APA, the question of venue is not controlled by the statutory provisions found in the APA, but, rather, by the provisions of West Virginia Code § 14–2–2 (1995). West Virginia Code § 14–2–2(a)(1) specifically provides that "[a]ny suit in which the governor, any other state officer, or a state agency is made a party defendant" shall be brought and prosecuted in the Circuit Court of Kanawha County. We recognized in syllabus point five of *State ex rel. West Virginia Board of Education v. Perry*, 189 W.Va. 662, 434 S.E.2d 22 (1993) that " '[a]ctions wherein a state agency or official is named, whether as principal party or third-party defendant, may be brought only in the Circuit Court of Kanawha County.' Syllabus Point 2, *Thomas v. Board of Education, County of McDowell*, 167 W.Va. 911, 280 S.E.2d 816 (1981)." Accordingly, we hold that when an individual brings a mandamus action seeking to compel the West Virginia Division of Motor Vehicles to perform a statutory duty which relates to the Division's maintenance of records, and such action is not an administrative appeal pursuant to the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A–1–1 to 29A–7–4 (1998), West Virginia Code §§ 14–2–2(a)(1) and 53–1–2 require that such action shall be brought in the Circuit Court of Kanawha County, but such an action cannot be used to circumvent the administrative appeals procedure.

10. "It has been authoritatively stated that the primary purpose or function of a writ of mandamus is to enforce an established right and to enforce a corresponding imperative duty created or imposed by law." *State ex rel. Bronaugh v. City of Parkersburg*, 148 W.Va. 568, 572, 136 S.E.2d 783, 785–86 (1964).

Based on the foregoing, in the Shedd case, we grant the writ of prohibition and prevent the enforcement of the order issued by Judge Neil Reed of the Circuit Court of Preston County. In the Burrough case, we reverse the order of the Circuit Court of Hancock County.

No. 25191—Writ granted.

No. 25146—Reversed.

Chief Justice DAVIS and Justices MAYNARD, McCUSKEY and STARCHER joined in the Opinion of the Court.

Justice McGRAW did not participate.