703 S.E.2d 533

**Meredith D. WILLIAMS, Petitioner Below, Appellee**

v.

**The WEST VIRGINIA DIVISION OF MOTOR VEHICLES and Joseph Cicchirillo, Commissioner, Respondents Below, Appellants.**

**No. 35490.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 13, 2010.

Decided Oct. 28, 2010.

---

Janet E. James, Attorney General's Office, Charleston, WV, for Appellants.

Meredith D. Williams, pro se, Fairmont, WV, Appellee.

PER CURIAM:

This is an appeal by the West Virginia Division of Motor Vehicles and Joe Miller, successor to Joseph Cicchirillo, Commissioner (hereinafter collectively referenced as "DMV"), from an order of the Circuit Court of Marion County reversing the DMV's revocation of the drivers' license of Ms. Meredith Williams (hereinafter "Appellee"). Upon thorough review of the briefs, record, argument of counsel, and applicable precedent, this Court reverses the determination of the lower court.

I. Factual and Procedural History

The Appellee was first arrested for DUI on April 13, 2003. She was arrested for DUI again on March 19, 2005. She was arrested a third time for DUI on June 20, 2007, and her license was revoked pursuant to the administrative revocation provisions of West Virginia Code § 17C–5A–1 (2004).

Due to the arresting officer's failure to appear for an administrative hearing scheduled for August 31, 2007, the DMV issued a September 20, 2007, order rescinding its initial order of revocation of the license, pursuant to West Virginia Code § 17C–5A–2(q) (2004) and 91 CSR 1, § 3.7.2. That order addressed the eventuality that the Appellee would possibly be subjected to revocation at a later date as a result of a criminal disposition, providing in pertinent part as follows: "This dismissal applies only to the administrative license revocation hearing. Should the Respondent be convicted of driving under the influence as the result of any criminal disposition, the Respondent's driving privilege shall be revoked upon receipt of an abstract of conviction pursuant to West Virginia Code § 17C–5A–1a."

On March 20, 2008, the Appellee pled no contest to second-offense DUI based on the June 20, 2007, arrest. On April 14, 2008, the DMV received the relevant abstract reflecting the plea of no contest.[1] Based on the

---

1. On April 28, 2008, the Appellee was approved to complete the Test and Lock program, based on

Appellee's plea of nolo contendere to the DUI charge and pursuant to the mandatory provisions of West Virginia Code § 17C–5A–1a (2004),[2] the DMV issued an Order of Revocation of License on June 12, 2008. No hearing was held in conjunction with that decision. The DMV's revocation was based exclusively upon the statute requiring revocation due to the Appellee's criminal plea of nolo contendere.

The Appellee thereafter sought reversal of that revocation order, through a pleading entitled "Petition for Judicial Review of a Final Order Revoking Privilege to Drive a Motor Vehicle." The Appellee argued that the provisions of West Virginia Code § 17C–5a–1a(d) prevented the revocation action taken by the DMV. That section states that the mandatory revocation provisions set forth in the statute "shall not apply if an order reinstating the operator's license of the person has been entered by the commissioner prior to the receipt of the transcript of the judgment of conviction." W. Va.Code § 17C–5A–1a(d). The Appellee also contended that the DMV's action in rescinding the order of revocation when the officer failed to appear was tantamount to a reinstatement of her license.

The DMV responded by filing a motion to dismiss to Appellee's action in the Circuit Court of Marion County, alleging that the petition was not truly an appeal of an administrative decision, but rather constituted a request for mandamus or prohibition relief. Thus, the DMV argued that the Circuit Court of Marion County lacked jurisdiction and that the matter should have been brought in Kanawha County. Furthermore, the DMV addressed the substantive issue and contended that the revocation based on the Appellee's conviction was proper.

The Circuit Court thereafter conducted a hearing on September 8, 2008, and ultimately issued an order dated May 29, 2009, refusing to dismiss the Appellee's action. The circuit court order did not address the issue of jurisdiction and held as follows: "Petitioner's initial revocation having been rescinded by Final Order dated September 20, 2007, it was improper and contrary to the clear provisions of West Virginia Code § 17C–5A–1a(d) for Respondent to issue a second order of revocation[.]" The DMV thereafter filed this appeal, reasserting its position that the circuit court lacked jurisdiction over this matter and ultimately erred in its substantive decision regarding revocation.

## II. Standard of Review

■■■ In syllabus point one of *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995), this Court explained: "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." *See also* Syl. Pt. 1, *Appalachian Power Co. v. State Tax Dep't of West Virginia,* 195 W.Va. 573, 466 S.E.2d 424 (1995) ("Interpreting a statute or an administrative rule or regulation presents a purely legal question subject to *de novo* review.").

Our examination of this appeal is premised upon the lower court's application of the statutory guidelines. Thus, we proceed to a *de novo* evaluation of this matter.

## III. Discussion

■■ As a threshold matter, the DMV contends that the Circuit Court of Marion County lacked jurisdiction to hear this case and that venue was improper in that court. As support for this argument, the DMV states that the Appellee's request for relief was in the nature of an extraordinary writ in which the Appellee contended that revocation was beyond the scope of DMV authority based upon the statutory limitations. Thus, the DMV claims this was not a true appeal at the circuit court level and that actions in which

the first two offenses, in 2003 and 2005. The revocation that is the subject of this appeal disqualified the Appellee from the Test and Lock program.

**2.** Subsequent to the events which prompted this action, the provisions of West Virginia Code § 17C–5A–1a were altered, effective June 11, 2010. Subsection (e) changed the effect of a nolo contendere plea and currently provides that "[a] plea of no contest does not constitute a conviction for purposes of this section except where the person holds a commercial drivers' license or operates a commercial vehicle."

extraordinary relief is sought against a state officer must be brought in Kanawha County.[3]

This Court has consistently held that an action seeking a writ of prohibition or mandamus against the DMV must be brought in Kanawha County. *State ex rel. Miller v. Reed*, 203 W.Va. 673, 510 S.E.2d 507 (1998). Although the Appellee characterized her request for relief as a "Petition for Judicial Review of a Final Order Revoking Privilege to Drive a Motor Vehicle," the question to be determined by this Court is whether such request is properly considered an appeal of an administrative decision or a request for extraordinary relief.

The distinction between those two avenues of potential relief was explained in *Reed*. In that case, consisting of two separate cases[4] consolidated for an opinion, the requests for relief sought to compel the DMV to provide an administrative hearing to challenge license revocation. The Commissioner in *Reed* had asserted that neither of the consolidated matters was properly before a circuit court as an administrative appeal and that neither court had jurisdiction or venue. This Court agreed, explaining that "both actions were more in the nature of a petition for a writ of mandamus rather than a petition for appeal from a final order in an administrative hearing." 203 W.Va. at 684, 510 S.E.2d at 518 (footnote omitted). The *Reed* Court recognized that "[a]ppellate review of a final order of an administrative agency is limited to a 'contested case.'" *Id.* at 683, 510 S.E.2d at 517. A "contested case" is statutorily defined as "a proceeding before an agency in which the legal rights, duties, interests or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing...." W. Va.Code § 29A–1–2(b) (1982) (Repl.Vol.2007). Thus,

the requests for relief in *Reed* could not be characterized as appeals from administrative decisions. "As there was no administrative hearing before the Division by the Commissioner, there was no 'contested case' within the meaning of West Virginia Code § 29A–1–2 of the APA." 203 W.Va. at 683, 510 S.E.2d at 517.

The *Reed* Court held that a DMV's notice of revocation "does not fall within the statutory definition of a "contested case" as contemplated by the APA...." *Id.* Thus, having determined that the cases were in the nature of requests for extraordinary relief, this Court analyzed the requirement of West Virginia Code § 53–1–2 that jurisdiction of writs of mandamus and prohibition "shall be in the circuit court of the county in which the record or proceeding is to which the writ relates." Based upon such reasoning, syllabus point twelve of *Reed* concluded as follows:

> When an individual brings a mandamus action seeking to compel the West Virginia Division of Motor Vehicles to perform a statutory duty which relates to the Division's maintenance of records, and such action is not an administrative appeal pursuant to the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A–1–1 to 29A–7–4 (1998), West Virginia Code §§ 14–2–2(a)(1) and 53–1–2 require that such action shall be brought in the Circuit Court of Kanawha County, but such an action cannot be used to circumvent the administrative appeals procedure.

Further, the *Reed* Court found that the "question of venue is not controlled by the statutory provisions found in the APA, but, rather, by the provisions of West Virginia Code § 14–2–2 (1995)." *Id.* at 684, 510 S.E.2d at 518. That section, as quoted

---

**3.** West Virginia Code § 14–2–2 (1976) (Repl.Vol. 2009), in relevant part, provides: "(a) The following proceedings shall be brought and prosecuted only in the Circuit Court of Kanawha County: (1) Any suit in which the Governor, or any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee." West Virginia Code § 53–1–2 (1933) (Repl. Vol.2008), in relevant part, states: "Jurisdiction of writs of mandamus and prohibition (except cases whereof cognizance has been taken by the Supreme Court of Appeals or a judge thereof in

vacation), shall be in the circuit court of the county in which the record or proceeding is to which the writ relates."

**4.** The cases consolidated in *Reed* arrived at this Court through very different procedural routes. One of the cases was brought as a DMV request for a writ of prohibition. The other was brought to this Court as an appeal, the underlying circuit court having treated the case as an administrative appeal of a contested case.

above, provides that a suit against a state agency or state officer shall be prosecuted in the Circuit Court of Kanawha County. In syllabus point five of *State ex rel. West Virginia Board of Education v. Perry,* 189 W.Va. 662, 434 S.E.2d 22 (1993), this Court held that " '[a]ctions wherein a state agency or official is named, whether as principal party or third-party defendant, may be brought only in the Circuit Court of Kanawha County.' Syllabus Point 2, *Thomas v. Board of Education, County of McDowell,* 167 W.Va. 911, 280 S.E.2d 816 (1981)."

Similarly, in *State ex rel. Stump v. Johnson,* 217 W.Va. 733, 619 S.E.2d 246 (2005), the Appellee had brought an action for extraordinary relief against the Commissioner of the DMV in Nicholas County. This Court compared the issues to those addressed in *Reed* and found that "the Commissioner's or Division's records relating to drivers' licenses ... are maintained at the State Capitol in Charleston, Kanawha County." 217 W.Va. at 739, 619 S.E.2d at 252. The *Johnson* Court ultimately held that the circuit court lacked jurisdiction under the provisions of West Virginia Code § 53–1–2, requiring extraordinary writs to be brought in Kanawha County. The Court further noted that "[e]ven if we found otherwise on the issue of the location of the relevant record herein, W. Va.Code § 14–2–2(a)(1) (1976) requires the same result (suits in which any state officer or agency is a party defendant shall to [sic] be brought and prosecuted in the Circuit Court of Kanawha County)." *Id.*

 A similar result was reached in *State ex rel. West Virginia Board of Education v. Perry,* 189 W.Va. 662, 434 S.E.2d 22 (1993). In that case, citizens had challenged a state Board of Education decision approving a local board of education's plan to close senior grades of a high school in Logan County. The citizens sought to utilize the Administrative Procedures Act to permit judicial review of a "contested case" in the Circuit Court of Logan County. This Court concluded that the case did not fall within the Administrative Procedures Act definition of a "contested case" because a hearing was not required. Thus, this Court granted a writ of prohibition to prevent the Circuit Court of Logan County from acting further in the action, explaining as follows in syllabus point one:

Our Administrative Procedures Act, W.Va.Code, 29A–1–2(b), defines a contested case before an agency as a proceeding that involves legal rights, duties, interests, or privileges of specific parties which are required by law or constitutional right to be determined after an agency hearing. Thus, an agency must either be required by some statutory provision or administrative rule to have hearings or the specific right affected by the agency must be constitutionally protected such that a hearing is required.

In syllabus point three, the *Perry* Court explained that where there is no right to an administrative hearing, there is no "contested case" from which to file an appeal. The syllabus point states as follows:

Neither the statutes relating to the closing or consolidation of schools nor the West Virginia Board of Education's regulations mandate that the West Virginia Board of Education hold an administrative hearing before determining whether to accept, modify, or reject a local board of education's plan to close or consolidate its schools. In the absence of such a right to a hearing, a contested case does not arise under the Administrative Procedures Act, W.Va.Code, 29A–1–1, et seq.

The *Perry* Court noted that the "point that bears emphasizing in the instant case is that neither the statutes relating to the closing or consolidation of schools nor the WVBE [West Virginia Board of Education] regulations mandate that the WVBE hold an administrative hearing before determining whether to accept, modify, or reject a local board of education's plan to close or consolidate its schools." 189 W.Va. at 667, 434 S.E.2d at 27 (footnote omitted). The *Perry* Court found that "[i]n the absence of such a right to a hearing, a contested case does not arise under the APA. Thus, the respondents are not entitled to utilize the APA in order to bring this suit in the Circuit Court of Logan County." *Id.* at 667–68, 434 S.E.2d at 27–28 (footnote omitted). This Court did, however, instruct that the citizens had the option of requesting a writ of mandamus, to be

568

brought in the "Circuit Court of Kanawha County because the WVBE and its members constitute a public agency, and public officials are entitled to the benefit of the venue provisions of W.Va.Code, 14–2–2." *Id.* at 668, 434 S.E.2d at 28.

Utilizing the consistent analysis of the precedent of this Court, we reach the same inescapable conclusion in the present case. The underlying action of the DMV was a mandatory license revocation based exclusively upon the statutorily-required revocation subsequent to the Appellee's plea of nolo contendere, with no requirement for an administrative hearing. In raising the issue of the application of the provisions of West Virginia Code § 17C–5A–1a(d) with regard to DMV's statutory authority to revoke her license, the Appellee essentially argued that the entry of the revocation order was beyond the scope of the DMV's authority and statutorily prohibited. That assertion, although addressed by the circuit court as an administrative appeal, was effectively in the nature of a request for extraordinary relief. It was not premised upon any hearing or "contested case" within the meaning of the Administrative Procedures Act and consequently cannot be characterized as an appeal. It was an attempt by the Appellee to obtain extraordinary relief.

This Court finds that two specific provisions deprive the Circuit Court of Marion County of jurisdiction over this request for extraordinary relief. First, West Virginia Code § 53–1–2 requires this extraordinary writ to be brought in the Circuit Court of Kanawha County, as the location of the record or proceeding to which the writ relates. Second, West Virginia Code § 14–2–2 requires actions against a state officer or state agency to be brought in the Circuit Court of Kanawha County.

Thus, this Court holds that the Circuit Court of Marion County was without jurisdiction to consider the matters asserted in this case. The order of the Circuit Court of Marion County is consequently reversed.

Reversed.