IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2019 Term

_____

No. 18-0702

_____

FILED

**October 21, 2019**

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

ADAM HOLLEY,
Acting Commissioner, West Virginia Division of Motor Vehicles,
Defendant Below, Petitioner

v.

JOSHUA T. FEAGLEY,
Plaintiff Below, Respondent

_____

Appeal from the Circuit Court of Monongalia County
The Honorable Phillip D. Gaujot
Case No. 18-C-178

ORDER VACATED
_____

Submitted: September 10, 2019
Filed: October 21, 2019

Patrick Morrisey, Esq.
Attorney General
Elaine L. Skorich, Esq.
Assistant Attorney General
Charleston, West Virginia
Counsel for Petitioner Division of Motor
Vehicles

John R. Angotti, Esq.
Chad C. Groome, Esq.
Angotti & Straface, L.C.
Morgantown, West Virginia
Counsel for Respondent Feagley

CHIEF JUSTICE WALKER delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1.  "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syllabus Point 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

2.  "Jurisdiction consists of two elements. One of these elements is jurisdiction of the subject matter and the other is jurisdiction of the person. Jurisdiction of the subject matter must exist as a matter of law. Jurisdiction of the person may be conferred by consent of the parties or the lack of such jurisdiction may be waived." Syllabus Point 4, *W. Va. Secondary Sch. Activities Comm'r v. Wagner*, 143 W. Va. 508, 102 S.E.2d 901 (1958).

3.  "To enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction." Syllabus Point 3, *State ex rel. Smith v. Bosworth*, 145 W. Va. 753, 117 S.E.2d 610 (1960).

4.  "When an individual brings a mandamus action seeking to compel the West Virginia Division of Motor Vehicles to perform a statutory duty which relates to the Division's maintenance of records, and such action is not an administrative appeal pursuant to the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A-1-1 to

i

29A-7-4 (1998), West Virginia Code §§ 14-2-2(a)(1) and 53-1-2 require that such action shall be brought in the Circuit Court of Kanawha County, but such an action cannot be used to circumvent the administrative appeals procedure." Syllabus Point 12, *State ex rel. Miller v. Reed*, 203 W. Va. 673, 510 S.E.2d 507 (1998).

5. "Whenever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket." Syllabus Point 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr., Inc.*, 158 W. Va. 492, 211 S.E.2d 705 (1975).

WALKER, Chief Justice:

Joshua T. Feagley petitioned the Circuit Court of Monongalia County for a writ of prohibition to stay further hearing on the revocation of his driver's license.[1] In response, the West Virginia Division of Motor Vehicles (DMV)[2] claimed that the circuit court lacked subject matter jurisdiction because, under West Virginia Code § 53-1-2, jurisdiction for extraordinary writs related to records maintained by the DMV is only proper in Kanawha County. The circuit court, relying on our Legislature's recent amendment to West Virginia Code § 14-2-2, concluded that jurisdiction was proper in Monongalia County and granted Mr. Feagley's writ of prohibition, preventing further hearing on the revocation of his driver's license. Because West Virginia Code § 14-2-2 is a venue statute and West Virginia Code § 53-1-2 governs subject matter jurisdiction, we find that the circuit court lacked subject matter jurisdiction and should have dismissed the

---

[1] At the time of the filing of the appeal in this case, Patricia S. Reed was commissioner of the DMV. Ms. Reed retired on April 1, 2019, and Adam Holley succeeded as acting commissioner. Accordingly, the appropriate party has been substituted pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[2] We note that Mr. Feagley brought this action against the DMV when, instead, he should have brought it against the Office of Administrative Hearings. We remind litigants that the DMV and the Office of Administrative Hearings are separate administrative agencies. *See* W. Va. Code §§ 17A-2-1 and 17C-5C-1. Under West Virginia Code § 17C-5C-5, the West Virginia Legislature transferred authority over the administrative hearing process from the DMV to the Office of Administrative Hearings. *See Reed v. Staffileno*, 239 W. Va. 538, 541, 803 S.E.2d 508, 511 n.2 (2017).

1

petition for writ of prohibition. Accordingly, the resulting order of the circuit court is void and must be vacated.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 7, 2012, Mr. Feagley was arrested in Monongalia County for driving under the influence of alcohol. On June 11, 2013, the DMV issued an order revoking Mr. Feagley's driver's license for forty-five days, effective July 16, 2013. Mr. Feagley filed a written objection to the order of revocation and requested a hearing before the Office of Administrative Hearings (OAH).

On March 28, 2018, the OAH scheduled the requested hearing for May 16, 2018. On April 10, 2018, Mr. Feagley moved to continue the hearing because he was on active military duty and unable to appear. On April 13, 2018, Mr. Feagley sought a writ of prohibition from the Circuit Court of Monongalia County against the DMV and Larry Cavender, the Director of Driver Services of the DMV. Specifically, Mr. Feagley requested a "Writ prohibiting the Department [sic] of Motor Vehicles from revoking his operator's license and, further for an order mandating that the Department [sic] of Motor Vehicles expunge any record on [Mr. Feagley's] driving record which is adverse to his interest and which arose [from his DUI arrest]."

In response, the DMV filed a Notice of Special Limited Appearance, Motion to Dismiss and Motion for Attorney Fees and Costs, arguing that the circuit court lacked

2

both personal and subject matter jurisdiction. Following a hearing on June 25, 2018, the circuit court denied the DMV's motion to dismiss and granted Mr. Feagley's petition for a writ of prohibition by order dated July 5, 2018. That order is the basis for this appeal.

## II. STANDARD OF REVIEW

This Court has held that "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."[3] Further, "[a]s jurisdictional issues are questions of law, our review is de novo."[4]

## III. DISCUSSION

The DMV raises three assignments of error. First, the DMV contends that the circuit court lacked subject matter jurisdiction over the underlying proceedings because, under West Virginia Code § 53-1-2 and the precedent of this Court, requests for extraordinary relief against the DMV must be brought in Kanawha County because the DMV's records relating to drivers' licenses are maintained there. Second, the DMV claims that the circuit court erroneously proceeded with adjudicating the matter of prejudicial pre-

---

[3] Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995).

[4] *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 343, 801 S.E.2d 216, 221 (2017).

3

hearing delay. Finally, the DMV argues that the circuit court erred by creating a remedy with which the DMV cannot statutorily comply.

Mr. Feagley argues that the Circuit Court of Monongalia County properly exercised jurisdiction because the records relating to his request for a writ of prohibition are located in Monongalia County. He further contends that the DMV's relied-upon precedent interpreting subject matter jurisdiction under West Virginia Code § 53-1-2 has been superseded by the Legislature's amendment of West Virginia Code § 14-2-2, which governs venue for petitions for extraordinary relief. We address these arguments in turn, below.

## A.   *The records related to this writ of prohibition are located in Kanawha County.*

We begin with Mr. Feagley's contention that the circuit court properly exercised jurisdiction because the records related to his petition are maintained in Monongalia County rather than Kanawha County. Specifically, Mr. Feagley contends that the writ of prohibition was unrelated to his driver's license and that the relevant documents are his arrest records and the documents surrounding the scheduling of the OAH hearing.

In *State ex rel. Stump v. Johnson*,[5] this Court faced a factual scenario nearly identical to this case. In *Johnson*, the driver, Mr. Bishop, initiated proceedings in Nicholas

---

[5] 217 W. Va. 733, 619 S.E.2d 246 (2005).

County to prevent his license from being revoked.  He argued that he was not seeking a circuit court order compelling the DMV to perform some statutory duty, but that he was seeking to enforce a plea agreement he had made with the State in Braxton County.[6]  Mr. Bishop asserted that Nicholas County was the proper jurisdiction because the relevant records pertaining to his petition were the arrest records, the magistrate court proceedings, and the plea bargain agreement.[7]  As none of these documents were maintained in Kanawha County, the circuit court exercised jurisdiction and entered an order staying further hearing on the revocation of Mr. Bishop's license.[8]  The DMV appealed that order to this Court and we reversed, noting:

> We cannot avoid the conclusion that Bishop's circuit court action is, in its essence, all about Bishop's driver's license.  He wants his license restored.  He wants the Commissioner's order of revocation rescinded. [. . .] As in the *Reed* decision of this Court, the Commissioner's or Division's records relating to drivers' licenses, including the driver's license of Bishop, are maintained at the State Capitol in Charleston, Kanawha County.  Accordingly, since the "record" (the driver's license of Bishop) to which his mandamus/prohibition circuit court action "relates" is in Kanawha County, we find that the Circuit Court of Nicholas County lacked jurisdiction to proceed with Bishop's circuit court action under the provisions of W.Va. Code § 53-1-2 (1933).[9]

---

[6] *Id.* at 738, 619 S.E.2d at 251.

[7] *Id.* at 735, 619 S.E.2d at 248.

[8] *Id.* at 737, 619 S.E.2d at 250.

[9] *Id.* at 739, 619 S.E.2d at 252.

Just as Mr. Bishop's action primarily pertained to his license, so too does Mr. Feagley's. Mr. Feagley's requested relief was for the DMV to rescind its order of revocation and expunge records related to that revocation, though the circuit court interpreted this as a request to stay any further hearing on the revocation before the OAH. Despite Mr. Feagley's claims that the relevant records related to his petition are maintained outside of Kanawha County, we cannot ignore that Mr. Feagley specifically sought from the circuit court a "Writ prohibiting the Department [sic] of Motor Vehicles from revoking his operator's license and, further for an order mandating that the Department [sic] of Motor Vehicles expunge any record on [Mr. Feagley's] driving record which is adverse to his interest and which arose out of the circumstances described herein." These requests explicitly refer to his driver's license and other records maintained by the DMV in Kanawha County, and, as such, the records related to Mr. Feagley's writ of prohibition are in Kanawha County.

**B.** ***The Legislature's amendment to West Virginia Code § 14-2-2 does not displace or alter the jurisdiction statute, West Virginia Code § 53-1-2.***

Mr. Feagley also contends that the West Virginia Legislature's recent amendment to West Virginia Code § 14-2-2, the extraordinary writ venue statute, conferred proper jurisdiction to the Circuit Court of Monongalia County. We disagree. Our

jurisprudence concerning subject matter jurisdiction is well settled.  In Syllabus Point 4 of

*West Virginia Secondary School Activities Commissioner v. Wagner*[10] we held:

> Jurisdiction consists of two elements.  One of these elements is jurisdiction of the subject matter and the other is jurisdiction of the person.  Jurisdiction of the subject matter must exist as a matter of law.  Jurisdiction of the person may be conferred by consent of the parties or the lack of such jurisdiction may be waived.

And, we have also held that "[t]o enable a court to hear and determine an action, suit or other proceeding it must have jurisdiction of the subject matter and jurisdiction of the parties; both are necessary and the absence of either is fatal to its jurisdiction."[11]

The statutory provision setting forth subject matter jurisdiction for extraordinary writs, West Virginia Code § 53-1-2, states, in pertinent part, "[j]urisdiction of writs of mandamus and prohibition (except cases whereof cognizance has been taken by the Supreme Court of Appeals or a judge thereof in vacation), shall be in the circuit court of the county in which the record or proceeding is to which the writ relates."

Under this provision, this Court has consistently held that petitions for extraordinary writs relating to records maintained by the DMV must be brought in

---

[10] 143 W. Va. 508, 102 S.E.2d 901 (1958).

[11] Syl. Pt. 3, *State ex rel. Smith v. Bosworth*, 145 W. Va. 753, 117 S.E.2d 610 (1960).

Kanawha County. Specifically, in Syllabus Point 12 of *State ex rel. Miller v. Reed*,[12] where two petitioners sought writs of mandamus to compel the DMV to provide administrative hearings, we held:

> When an individual brings a mandamus action seeking to compel the West Virginia Division of Motor Vehicles to perform a statutory duty which relates to the Division's maintenance of records, and such action is not an administrative appeal pursuant to the West Virginia Administrative Procedures Act, West Virginia Code §§ 29A-1-1 to 29A-7-4 (1998), West Virginia Code §§ 14-2-2(a)(1) and 53-1-2 require that such action shall be brought in the Circuit Court of Kanawha County, but such an action cannot be used to circumvent the administrative appeals procedure.

We reaffirmed our holding in *Johnson*, by stating, "'[t]here is no question, that in regard to [the petitioners in *Reed*], jurisdiction for a writ of mandamus must be brought in the Circuit Court of Kanawha County.'"[13]

As noted above, Mr. Feagley argues that these cases are no longer controlling precedent because the West Virginia Legislature, on June 6, 2018, amended the venue provision in West Virginia Code § 14-2-2. That statute now states:

> Any suit, action, or proceeding in which the state, the Governor, any other state officer, or a state agency is made a party defendant, or any suit attempting to enjoin or otherwise suspend or affect a judgment or decree on behalf of the state obtained in any circuit court, may be brought and prosecuted in the circuit court of any county wherein the plaintiff or petitioner who is appearing in the action or proceeding resides,

---

[12] 203 W. Va. 673, 510 S.E.2d 507 (1998).

[13] *Johnson*, 217 W. Va. at 738, 619 S.E.2d at 251 (quoting *State ex rel. Miller v. Reed*, 203 W. Va. at 684, 510 S.E.2d at 518).

8

or where the cause of action arose; or, alternatively, in the circuit court of Kanawha County.[14]

This section, entitled "Venue for certain suits and actions," sets forth only the appropriate *venue* for extraordinary writ petitions; it does not discuss subject matter jurisdiction and in no way alters or displaces West Virginia Code § 53-1-2, the jurisdiction statute. Venue and jurisdiction are not interchangeable, as this Court has plainly stated, "[t]here is a distinction between jurisdiction and venue and the two terms are not synonymous. Jurisdiction is the inherent power of a court to decide a case. Venue designates the particular county in which a court having jurisdiction may, in the first instance, properly hear and determine a case."[15]

The Legislature has only amended the statute controlling venue for extraordinary writs; it has not amended the subject matter jurisdiction statute. A court must properly exercise jurisdiction over a matter before it can reach a determination of proper venue. As such, our precedent interpreting § 53-1-2 holding that subject matter jurisdiction over extraordinary relief petitions relating to DMV records is only proper in Kanawha County remains unaltered by the Legislature's amendment of § 14-2-2 and guides this

---

[14] W. Va. Code § 14-2-2(a) (footnote added).

[15] *W. Va. Secondary Sch. Activities Comm'r v. Wagner*, 143 W. Va. 508, 520, 102 S.E.2d 901, 909 (1958).

decision. To the extent that the Circuit Court of Monongalia County conflated jurisdiction and venue, it did so in error.

Because Mr. Feagley's driver's license, the record to which his writ related, is maintained in Kanawha County, under West Virginia Code § 53-1-2, the only court with proper jurisdiction in this matter was the Circuit Court of Kanawha County. It necessarily follows that the Circuit Court of Monongalia County erred in exercising jurisdiction.

We have explicitly held that "[w]henever it is determined that a court has no jurisdiction to entertain the subject matter of a civil action, the forum court must take no further action in the case other than to dismiss it from the docket."[16] Therefore, the Circuit Court of Monongalia County should have dismissed the underlying proceeding for lack of subject matter jurisdiction. As the circuit court's lack of jurisdiction over this matter is dispositive, we need not address Petitioner's remaining assignments of error.

## IV. CONCLUSION

For the foregoing reasons, we vacate the order of the Circuit Court of Monongalia County dated July 5, 2018, for want of subject matter jurisdiction.

Order vacated.

---

[16] Syl. Pt. 1, *Hinkle v. Bauer Lumber & Home Bldg. Ctr, Inc.*, 158 W. Va. 492, 211 S.E.2d 705 (1975).